UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARNELL CURTIS,<br><br>         Plaintiff,<br><br>    v.<br><br>CALIFORNIA CORRECTIONAL INSTITUTION, et al.,<br><br>         Defendants. | Case No.: 1:14-cv-00656-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION REGARDING DEFENDANTS' MOTION TO DISMISS<br><br>[ECF No. 34] |

Plaintiff Parnell Curtis is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.**

**BACKGROUND**

This action is proceeding on Plaintiff's first amended complaint, filed on August 12, 2014, against Defendants J.G. Garcia, R.F. Tablas, R.W. Catlin, D.M. Coontz, Camacho, Mendoza, L. Escalante, and I.M. Vera for excessive force in violation of the Eighth Amendment, and against Defendants J.G. Garcia and R.F. Tablas for retaliation in violation of the First Amendment.

On December 31, 2014, pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Catlin, Coontz, Escalante, Garcia, Mendoza, Tablas, and Vera filed a motion to dismiss Plaintiff's

complaint as barred by the statute of limitations.[1] (ECF No. 34.) Plaintiff filed an opposition to the motion on March 2, 2015. (ECF No. 37.) Defendants did not file a reply, and their motion to dismiss has been submitted upon the record without oral argument. Local Rule 230(*l*). For the reasons which follow, the Court recommends the motion be denied, without prejudice.

## II.

## DISCUSSION

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted). In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010); Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007); Huynh v. Chase Manhattan Bank, 465 F.3d 992, 1003-04 (9th Cir. 2006); Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

However, courts may properly consider matters subject to judicial notice and documents incorporated by reference in the pleading without converting the motion to dismiss to one for summary judgment. U.S. v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). Under the doctrine of incorporation by reference, a court may consider a document provided by the defendants which was not attached to the pleading if the plaintiff refers to the document extensively or if it forms the basis of the plaintiff's claim. Ritchie, 342 F.3d at 908; see also Daniels-Hall, 629 F.3d at 998.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (quotation marks omitted); Conservation Force, 646 F.3d at 1242; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The Court must accept the well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party, Daniels-Hall, 629 F.3d at 998; Sanders, 504 F.3d at 910; Huynh, 465 F.3d at

---

[1] Defendant Camacho has not yet been served.

996-997; Morales v. City of Los Angeles, 214 F.3d 1151, 1153 (9th Cir. 2000), and in this Circuit, prisoners proceeding pro se are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012); Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

Further, "[a] claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010) (quoting Huynh, 465 F.3d at 997). "'A complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim.'" Von Saher, 592 F.3d at 969 (quoting Supermail Cargo, Inc. v. U.S., 68 F.3d 1204, 1206 (9th Cir. 1995)).

### A.  Statute of Limitations

Federal law determines when a claim accrues, and "[u]nder federal law, a claim accrues when the plaintiff knows or should know of the injury that is the basis of the cause of action." Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009) (citation omitted); Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999). Because section 1983 contains no specific statute of limitations, federal courts should apply the forum state's statute of limitations for personal injury actions. Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004); Maldonado, 370 F.3d at 954; Fink, 192 F.3d at 914. California's statute of limitations for personal injury actions was extended to two years effective January 1, 2003. Cal. Civ. Proc. Code § 335.1; Jones, 393 F.3d at 927; Maldonado, 370 F.3d at 954-55.

In actions where the federal court borrows the state statute of limitations, courts should also borrow all applicable provisions for tolling the limitations period found in state law. Jones, 393 F.3d at 927. Under California law, prisoners who at the time the cause of action accrued were either imprisoned on a criminal charge or serving a sentence of less than life for a criminal conviction benefit from a two-year tolling provision for damages actions. Cal. Civ. Proc. Code § 352.1.

In addition, California's equitable tolling doctrine "applies when an injured person has several legal remedies and, reasonably and in good faith, pursues one." McDonald v. Antelope Valley Community College Dist., 45 Cal.4th 88, 100 (Cal. 2008) (citation and internal quotation marks omitted). The equitable tolling of statutes of limitations is a judicially created, nonstatutory doctrine designed to prevent unjust and technical forfeitures of the right to a trial on the merits when the purpose of the statute of limitations - timely notice to the defendant of the plaintiff's claims - has been satisfied, McDonald, 45 Cal.4th at 99 (quotation marks and citations omitted), and pursuit of administrative remedies equitably tolls the statute of limitations so long as there was timely notice, lack of prejudice to the defendant, and reasonable, good faith conduct on the part of the plaintiff, id. at 101-103.

The Ninth Circuit has held that prisoners are entitled to equitable tolling of the statute of limitations while completing the mandatory exhaustion process. Brown v. Valoff, 422 F.3d 926, 942-943 (9th Cir. 2005).

**B.  Parties Positions'**

Defendants argue that Plaintiff's claims should be dismissed because it is apparent from the face of the amended complaint that they were not timely filed. Defendants' contend Plaintiff's claims were not presented within the applicable two-year limitations period, and are not rendered timely by tolling provisions extending time due to his incarceration, or the use of the California Department of Corrections and Rehabilitation's administrative appeal system. Defendants argue that giving Plaintiff the benefit of the doubt, and providing tolling for his alleged attempts to exhaust the administrative remedies, Plaintiff's claim would have accrued on February 10, 2010, when he did not receive a response to his December 28, 2009, inmate grievance. Thus, Plaintiff had until February 10, 2014, to file his claims, and the instant action initiated on April 28, 2014, is barred as beyond the limitations period.[2]

---

[2] Contrary to Defendants' contention, with application of the mailbox rule Plaintiff's complaint was filed on April 16, 2014. ECF No. 1; see Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009) ("[T]he Houston mailbox rule applies to § 1983 complaints filed by pro se prisoners.") (citing Houston v. Lack, 487 U.S. 266, 275-276 (1988)).

4

In opposition, Plaintiff argues and reiterates that he attempted to exhaust his administrative remedies by submitting three separate inmate grievances, one on November 18, 2009, one on December 10, 2009, and one on December 28, 2009. Plaintiff alleges that the Warden's office and the appeals coordinator refused to process any of the appeals.

**C.    Findings**

Plaintiff alleges he filed an inmate grievance in September 2009 and that Defendants Garcia and Tablas retaliated against him for exercising that right by subjecting him to harassment which resulted in an assault on October 20, 2009. Plaintiff further contends that as a result of Defendants Garcia's and Tablas's retaliation, he was the victim of an assault on October 20, 2009, by Defendants Garcia, Catlin, Coontz, Escalante, Mendoza, Tablas, and Vera. Plaintiff alleges that the seven Defendants beat him with their state-issued batons causing him serious injuries. Thus, as previously stated, Plaintiff is proceeding on a claim of retaliation and excessive force.

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). Also protected by the First Amendment is the right to pursue civil rights litigation in federal court without retaliation. Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citations omitted). For claims arising out of the use of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (per curiam) (citing Hudson, 503 U.S. at 7) (internal quotation marks omitted); Furnace v. Sullivan, 705 F.3d 1021, 1028 (9th Cir. 2013).

Plaintiff's cause of action accrued on October 20, 2009, as to both his claim of retaliation and excessive force. Plaintiff became aware of his retaliation claim against Defendants Garcia and Tablas when they had him moved to a different cell because he was writing inmate grievances, and was allegedly threatened to be placed in administrative segregation because of it. Plaintiff's claim of excessive force by Defendants Garcia, Tablas, Catlin, Coontz, Camacho, Mendoza, Escalante, and Vera occurred on October 20, 2009, when he contends all Defendants assaulted him during the cell move.

Assuming Plaintiff is not serving a sentence of life without the possibility of parole, he had four years from the date of accrual of his claims to file suit, plus any additional time to which he is entitled under the doctrine of equitable tolling, which applies to administrative exhaustion.[3]

Defendants argue that Plaintiff's last grievance was filed on December 28, 2009, and pursuant to the California Code of Regulations Plaintiff was entitled to a response within thirty working days thereafter on February 10, 2010. Defendants therefore argue that Plaintiff's claims would have accrued on February 10, 2010, when he did not receive a response to his December 28, 2009 inmate grievance. Adding the two-year personal injury limitations period, plus two years of tolling for incarceration, plus the period Plaintiff alleges he attempted to avail himself of the administrative grievance process, Plaintiff had until February 10, 2014, to bring the instant claims. Defendants conclude that Plaintiff's initiation of the instant action on April 28, 2014, was untimely.

Plaintiff contends that prison officials did not respond to his grievances. Under these circumstances, the Court cannot determine what extent, if any, further appeal was necessary and when the time-frame to do so began and expired. Defendants cite no authority for the proposition that tolling of the limitations period ends immediately following the last day that a response to the inmate grievance was due, when allegedly no such response was received, and Plaintiff's has challenged Defendants' argument and the calculation date of the statute of limitations. Thus, the extent of Plaintiff's administrative appeals and applicable tolling is unclear. Plaintiff's claim that he did not

---

[3] If Plaintiff is serving a sentence of life without the possibility of parole, he is not entitled to the two-year tolling period under section 352.1 and he would have only two years within which to file suit, plus any additional time under the doctrine of equitable tolling.

receive a response to his inmate grievances is sufficient enough that the Court cannot conclude as a matter of law, based on the face of the complaint, that his claims are time-barred. While it appears that Plaintiff may be entitled to some period of tolling for exhaustion of the administrative remedies, in view of the current record, the Court finds that the issue should be more appropriately addressed in a motion for summary judgment. Defendants' motion to dismiss shall be denied, without prejudice, and Defendants may file a motion for summary judgment addressing the statute of limitations bar.

## III.
## RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that Defendants' motion to dismiss be DENIED, without prejudice, to re-filling by way of motion for summary judgment, if so desired.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 16, 2015**

UNITED STATES MAGISTRATE JUDGE