1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

9

**EASTERN DISTRICT OF CALIFORNIA**

10

11  PARNELL CURTIS,                                          )   Case No.: 1:14-cv-00656-AWI-SAB (PC)
                                                            )
12                  Plaintiff,                               )
                                                            )   FINDINGS AND RECOMMENDATION
13          v.                                               )   REGARDING PLAINTIFF'S MOTION FOR
                                                            )   ORDER TO DIRECT PRISON EMPLOYEES
14  CALIFORNIA CORRECTIONAL                                  )   TO PROVIDE SUPPLIES
    INSTITUTION, et al.,                                     )
15                                                           )   [ECF No. 44]
                                                            )
16                  Defendants.                              )
                                                            )
17                                                           )

18          Plaintiff Parnell Curtis is appearing pro se in this civil rights action pursuant to 42 U.S.C. §

19  1983.

20          On June 5, 2015, Plaintiff filed a motion for a court order directing prison employees to

21  provide him with writing paper and ink pens to draft his legal documents.  The Court construes

22  Plaintiff's request as a motion for a preliminary injunction.

23                                          **I.**

24                                     **DISCUSSION**

25          A preliminary injunction should not issue unless necessary to prevent threatened injury that

26  would impair the court's ability to grant effective relief in a pending action.  "A preliminary injunction

27  … is not a preliminary adjudication on the merits but rather a device for preserving the status quo and

28  preventing the irreparable loss of right before judgment."  Sierra On-Line, Inc. v. Phoenix Software,

1

1   Inc., 739 F.2d 1415, 1422 (9th Cir. 1984).   A preliminary injunction represents the exercise of a far

2   reaching power not to be indulged except in a case clearly warranting it.  Dymo Indus. V. Tapeprinter,

3   Inc., 326 F.2d 141, 143 (9th Cir. 1964).  "The proper legal standard for preliminary injunctive relief

4   requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer

5   irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and

6   that an injunction is in the public interest.'"  Stormans, Inc., v. Selecky, 586 F.3d 1109, 1127 (9th Cir.

7   2009), quoting Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7 (2008).  In cases brought by

8   prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn,

9   extend no further than necessary to correct the harm the court finds requires preliminary relief, and be

10   the least intrusive means necessary to correct the harm."  18 U.S.C. § 3626(a)(2).

11          Here, Plaintiff has not met his burden of proving that he is likely to succeed on the merits.  Nor

12   has Plaintiff shown that he will suffer irreparable harm in the absence of injunctive relief.  Plaintiff's

13   claim that he is without paper and pen is negated by his present filing, which is written on fourteen

14   pages of paper in pen.[1]  Although Plaintiff may prefer different writing paper and/or ink pens, there is

15   no discernable irreparable injury given Plaintiff's present filings on paper in pen.  Plaintiff has also not

16   demonstrated that the balance of equities tips in his favor, or that an injunction is in the public interest.

17   As Plaintiff has failed to meet his burden of proving that he is entitled to a preliminary injunction, his

18   motion must be denied.

## II.

## RECOMMENDATION

21          Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's motion for a

22   preliminary injunction be DENIED.

23          These Findings and Recommendations will be submitted to the United States District Judge

24   assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days**

25   after being served with these Findings and Recommendations, the parties may file written objections

---

[1] On this same date, Plaintiff also filed a separate motion for an extension of time to file a response to the Court's May 14, 2015, order to show cause.  (ECF No. 43.)

with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 9, 2015**

UNITED STATES MAGISTRATE JUDGE