UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARNELL CURTIS,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA CORRECTIONAL INSTITUTION, et al.,<br><br>    Defendants. | Case No.: 1:14-cv-00656-AWI-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING PLAINTIFF'S MOTION FOR ORDER TO DIRECT PRISON EMPLOYESS TO PROVIDE SUPPLIES, AND REFERRING PLAINTIFF'S MOTION FOR DISQUALIFICATION OF MAGISTRATE JUDGE TO THE MAGISTRATE JUDGE<br><br>[ECF Nos. 44, 46, 49] |

  Plaintiff Parnell Curtis is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

  On June 9, 2015, the Magistrate Judge filed a Findings and Recommendation which was served on the parties and which contained notice to the parties that objections to the Findings and Recommendation were to be filed within thirty days.  Plaintiff filed objections on July 10, 2015.

  In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, the Court finds the Findings and Recommendation to be supported by the record and by proper analysis.

  This Court notes that right to meaningful access to the courts requires that indigent inmates be provided paper and a pen at state expense to draft legal documents. Bounds v. Smith, 430 U.S. 817, 824-825 (1977). However, a prison's failure to provide writing materials is only actionable when: "(1)

1

access is so limited as to be unreasonable, and (2) the inadequate access caused an actual injury." Vandelft v. Moses, 31 F.3d 794, 797 (9th Cir. 1994). Although the prison law librarian's decision not to provide Plaintiff with the paper – resulting in Plaintiff submitting moving papers on prison forms designed for other uses – may be obnoxious to both Plaintiff and this Court, this Court is able to understand Plaintiff's submissions. As a result, the denial of the paper of Plaintiff's choice does not cause him any actual injury.

As part of his objections, Plaintiff moves to disqualify the assigned magistrate judge and seeks reassignment to a new magistrate judge. Under Section 144 or Section 455 of Title 28 of the United States Code, the question of disqualification or recusal should, in the first instance, be directed to the judge who is the subject of the request for disqualification or recusal – in this instance, Magistrate Judge Boone. See 28 U.S.C. § 455(a) (A judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."); Bernard v. Coyne, 31 F.3d 843, 843 (9th Cir. 1994) (A motion under § 455 "is addressed to, and must be decided by, the very judge whose impartiality is being questioned. [citation] Section 455 clearly contemplates that decisions with respect to disqualification should be made by the judge sitting in the case, and not by another judge.") (citations omitted). See 28 U.S.C. § 144; Pesnell v. Arsenault, 543 F.3d 1038, 1043 (9th Cir. 2008) ("If the judge to whom a timely motion is directed determines that the accompanying affidavit specifically alleges facts stating grounds for recusal under [S]ection 144, the legal sufficiency of the affidavit has been established, and the motion must be referred to another judge for a determination of its merits.") Therefore, the undersigned will not address Plaintiff's request for recusal. Instead, that matter is respectfully referred to the Magistrate Judge for determination.

///

///

///

2

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation, filed on June 9, 2015, is adopted in full;

2. Plaintiff's motion for a court order directing prison officials to provide him with certain supplies is DENIED; and

3. Plaintiff's request for disqualification of Magistrate Judge Boone is REFERRED to Magistrate Judge Boone.

IT IS SO ORDERED.

Dated:  August 3, 2015

SENIOR DISTRICT JUDGE