UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARNELL CURTIS,<br><br>      Plaintiff,<br><br>   v.<br><br>CALIFORNIA CORRECTIONAL INSTITUTION, et al.,<br><br>      Defendants. | Case No.: 1:14-cv-00656-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR DISQUALIFICATION OF THE UNDERSIGNED<br><br>[ECF Nos. 49, 53] |

Plaintiff Parnell Curtis is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

On June 9, 2015, Findings and Recommendations were issued recommending that Plaintiff's motion for a court order directing prison employees to provide his supplies be denied. (ECF No. 46.) Plaintiff filed objections on July 10, 2015, and therein sought disqualification of the undersigned and reassignment to a new magistrate judge. (ECF No. 49.) On August 3, 2015, the Findings and Recommendations were adopted in full, and Plaintiff's request for disqualification was referred back to the undersigned for consideration. (ECF No. 53.)

Under 28 U.S.C. § 144, "[W]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no

further therein, but another judge shall be assigned to hearing such proceeding." 28 U.S.C. §144; see also Pesnell v. Arsenault, 543 F.3d 1038, 1043 (9th Cir. 2008); United States v. Johnson, 610 F.3d 1138, 1147 (9th Cir. 2010). "If the judge to whom a timely motion is directed determines that the accompanying affidavit specifically alleges facts stating grounds for recusal under section 144, the legal sufficiency of the affidavit has been established, and the motion must be referred to another judge for a determination of its merits. Id., citing United States v. Azhocar, 581 F.2d 735, 738 (9th Cir. 1978).

A judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). A motion under § 455 is addressed to, and must be decided by, the very judge whose impartiality is being questioned." Bernard v. Coyne, 31 F.3d 842, 843 (9th Cir. 1994). "Section 455 clearly contemplates that decisions with respect to disqualification should be made by the judge sitting in the case, and not by another judge." Id., quoting United States v. Balistrieri, 779 F.2d 1191, 1202 (7th Cir. 1985).

Under both recusal statutes, the determination for disqualification is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Pesnell v. Arsenault, 543 F.3d at 1043, quoting United States v. Hernandez, 109 F.3d 1450, 14534 (9th Cir. 1997). For instance, a judge "shall" disqualify himself "[w]here he has a personal bias or prejudice concerning a party. . . ." 28 U.S.C. § 455(b)(1). However, the bias must arise from an extrajudicial source and cannot be based solely on information gained in the course of the proceedings. United States v. Hernandez, 109 F.3d at 1453, citing Liteky v. United States, 510 U.S. 540, 554-556 (1994). "Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." In re Focus Media, Inc., 378 F.3d 916, 930 (9th Cir. 2004), quoting Liteky, 510 U.S. at 555.

Here, Plaintiff provides no basis for disqualification other than his disagreement with certain rulings made by the assigned magistrate judge. Plaintiff's objection and disagreement with certain orders and rulings does no in and of itself demonstrate bias against him or favoritism toward Defendants. See, e.g., Caperton v. A.T. Massey Coal Co., Inc., 556 U.S. 868, 891 (2009) (there is a "presumption of honesty and integrity in those serving as adjudicators.") (citing Withrow v. Larkin,

421 U.S. 35, 47 (1975)).  Accordingly, Plaintiff's request for disqualification of the undersigned is DENIED.

IT IS SO ORDERED.

Dated: **April 20, 2016**

UNITED STATES MAGISTRATE JUDGE