1

2

3

4

5

6

7

8                                    **UNITED STATES DISTRICT COURT**

9                                    **EASTERN DISTRICT OF CALIFORNIA**

10

11     PARNELL CURTIS,                           )   Case No.: 1:14-cv-00656-AWI-SAB (PC)
                                                 )
12                        Plaintiff,             )
                                                 )   **FINDINGS AND RECOMMENDATIONS**
13            v.                                 )   **RECOMMENDING DEFENDANTS' MOTION**
                                                 )   **FOR SUMMARY JUDGMENT BE GRANTED**
14     CALIFORNIA CORRECTIONAL                   )   **AND PLAINTIFF'S PENDING MOTION TO**
       INSTITUTION, et al.,                      )   **COMPEL BE DENIED AS RENDERED MOOT**
15                                               )
                                                 )   [ECF Nos. 54 & 69]
16                        Defendants.            )
                                                 )
17     _____ )

18            Plaintiff Parnell Curtis is appearing pro se in this civil rights action pursuant to 42 U.S.C. §

19     1983.  Plaintiff consented to magistrate judge jurisdiction on June 2, 2014.  (ECF No. 8.)  Defendants

20     declined magistrate judge jurisdiction and this matter was therefore referred to a United States

21     magistrate judge pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302.  (ECF No. 32.)

22            Currently before the Court is Defendants' motion for summary judgment, filed September 16,

23     2015.

24                                                **I.**

25                                     **RELEVANT HISTORY**

26            This action is proceeding on Plaintiff's first amended complaint, filed on August 12, 2014,

27     against Defendants J.G. Garcia, R.F. Tablas, R.W. Catlin, D.M. Coontz, Mendoza, L. Escalante, and

28     I.M. Vera for excessive force in violation of the Eighth Amendment, and against Defendants J.G.

                                                   1

Garcia and R.F. Tablas for retaliation in violation of the First Amendment.[1]

On September 16, 2015, Defendants filed a motion for summary judgment for Plaintiff's failure to exhaust the administrative remedies and failure to file the action within the applicable statute of limitations period. (ECF No. 54.) After receiving two extensions of time, Plaintiff filed an opposition on December 16, 2015. (ECF No. 62.) After receiving an extension of time, Defendants filed a timely reply on January 22, 2016. (ECF No. 65.)

**II.**

**LEGAL STANDARD**

**A.      Summary Judgment Standard**

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Albino, 747 F.3d at 1166; Washington Mut. Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, although it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

As set forth above, the defendants bear the burden of proof in moving for summary judgment for failure to exhaust, Albino, 747 F.3d at 1166, and they must "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy," id. at 1172. If the defendants carry their burden, the burden of production shifts to the plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally

---

[1] Defendant Camario was dismissed from the action pursuant to Federal Rule of Civil Procedure 4(m) on February 16, 2016. (ECF No. 67.)

available administrative remedies effectively unavailable to him." Id. "If the undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." Id. at 1166. However, "[i]f material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." Id.

### B.     Statutory Exhaustion Requirement

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This statutory exhaustion requirement applies to all inmate suits about prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002) (quotation marks omitted), regardless of the relief sought by the prisoner or the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and unexhausted claims may not be brought to court, Jones v. Bock, 549 U.S. 199, 211 (2007) (citing Porter, 534 U.S. at 524).

The failure to exhaust is an affirmative defense, and the defendants bear the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 216; Albino v. Baca, 747 F.3d, 1162, 1166 (9th Cir. 2014). "In the rare event that a failure to exhaust is clear from the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." Albino, 747 F.3d at 1166. Otherwise, the defendants must produce evidence proving the failure to exhaust, and they are entitled to summary judgment under Rule 56 only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows he failed to exhaust. Id.

Defendants must first prove that there was an available administrative remedy and that Plaintiff did not exhaust that available remedy. Williams v. Paramo, 775 F.3d 1182, 1191 (9th Cir. 2015) (citing Albino, 747 F.3d at 1172) (quotation marks omitted). The burden then shifts to Plaintiff to show that something in his particular case made the existing and generally available administrative remedies effectively unavailable to him. Williams, 775 F.3d at 1191 (citing Albino, 747 F.3d at 1172) (quotation marks omitted). The ultimate burden of proof on the issue of exhaustion remains with Defendants. Id. (quotation marks omitted).

///

### C.     Summary of CDCR's Generally Available Inmate Appeals Process

The California Department of Corrections and Rehabilitation ("CDCR") has an administrative remedy process for inmate grievances.  Cal. Code Regs., tit. 15, § 3084.1 (2014).  Compliance with section 1997e(a) is mandatory and state prisoners are required to exhaust CDCR's administrative remedy process prior to filing suit in federal court.  Woodford v. Ngo, 548 U.S. 81, 85-86 (2006); Sapp v. Kimbrell, 623 F.3d 813, 818 (9th Cir. 2010).  Inmates are required to submit appeals on a standardized form (CDCR Form 602), attach necessary supporting documentation, and submit the appeal within thirty days of the disputed event.  Cal. Code Regs. tit. 15, §§ 3084.2, 3084.3(a), 3084.8(b).  In 2009, the timeline for submitting inmate appeals fifteen working days, not thirty days.  Cal. Code Regs. tit. 15, § 3084.6(c) (2009).  Inmates appeals must be submitted timely, and an appeal may be rejected when the "time limits for submitting the appeal are exceeded and the appellant had the opportunity to file within the prescribed time constraints."  Cal. Code Regs. tit. 15, § 3084.3(c)(6) (2009).

### D.     Allegations of Complaint

On October 20, 2009, during Plaintiff's confinement at California Correctional Institute (CCI) in Tehachapi, Defendants Garcia and Tablas approached Plaintiff's cell and ordered him to move to another building.  When Plaintiff asked the reason for the move, Defendants stated it was because Plaintiff writes inmate appeals and does not claim his own race.

Defendants directed Plaintiff to pack his property and then left his cell.  Approximately five to ten minutes later, Defendants Garcia, and Tablas approached Plaintiff's cell.  Plaintiff was ordered to cuff-up because he was going to administrative segregation.  Defendant Garcia requested the control tower booth officer to open the cell door.  Plaintiff complied with Defendant Garcia's orders to back out of the cell.  Defendants Garcia, and Tablas immediately began beating Plaintiff with their baton weapons, striking Plaintiff in the back, arms, and legs until he fell to the ground.  After Plaintiff was on the ground, Defendant Tablas struck Plaintiff with his baton on the back of Plaintiff's head.  Defendants Garcia and Tablas "were yelling file an appeal on this, claim your own race your['e] not an other, your['e] a nigger!"  As a result of the defendants' actions, Plaintiff suffered severe physical

injuries, including a broken arm/wrist and lacerated/chipped scalp and skull to the back right side of his head.

### III.

### DISCUSSION

**A.    Exhaustion of Administrative Remedies**

Defendants move for summary judgment on the ground that Plaintiff failed to adhere to the prison's administrative grievance process and failed to exhaust the administrative remedies. Defendants specifically argue that Plaintiff did not submit an administrative appeal challenging the alleged retaliation by Defendants Garcia and Tablas, or the alleged by all named Defendants. Defendants further argue that Plaintiff's claims were not presented within the applicable two-year limitations period, and are not rendered timely by tolling provisions extending time due to his incarceration, or the use of the California Department of Corrections and Rehabilitation's administrative appeals system.

In his first amended complaint, Plaintiff contends that he initiated the inmate appeals process on November 18, 2009, by hand delivering his inmate appeal to officer K. Bever to be mailed to the Warden's office and to the appeals coordinator.  (1st Am. Compl. at ¶ 84, ECF No. 19.)  Plaintiff attaches a proof of service dated November 18, 2009, in support of his argument.  (Id., Ex. A.) Plaintiff, however, does not submit a copy of the inmate appeal.

In support of their motion for summary judgment, Defendants submit the declaration of K. Bever (now K. Powell) who declares that she has no recollection of Plaintiff.  (ECF No. 54-3, Ex. E, Decl. of K. Powell ¶ 3.)   Officer Bever did not work in the unit where Plaintiff was housed on November 18, 2009.  (Id. ¶¶ 6-7.)  The sign-in work sheets reflect that on November 18, 2009, officer Bever signed in from 7:30 a.m. to 3:30 p.m., and was assigned to Facility 4B, housing unit 4, as a yard observation officer.  (Id. ¶ 6.)  In contrast, Plaintiff was housed in Facility 4A, housing unit 7, section A, which was the Administrative Segregation Unit, from November 13, 2009 through January 12, 2010, which is a mile away from facility 4B.  (Id. ¶¶ 7-8.)  Officer Bever did not accept an inmate appeal from Plaintiff on November 18, 2009.  (Id. ¶ 9.)

///

1   In opposition, Plaintiff argues that on November 5, 2009, he submitted a letter to the Inspector
2   General which satisfies the exhaustion requirement.   Plaintiff further argues that he was unable to
3   submit a timely administrative appeal because of the circumstances following the alleged assault,
4   namely, his hospitalization and placement in administrative segregation.  Plaintiff also submits that he
5   received the screen-out to his November 2009 grievance and submitted another appeal but never
6   received a response thereto.

7   Notwithstanding Plaintiff's arguments for submitting an untimely grievance, it is undisputed
8   that Plaintiff's unnumbered inmate appeal submitted November 18, 2009 was cancelled as untimely
9   and returned to Plaintiff on December 4, 2009.  (ECF No. 62, Opp'n at 36.[2])  Plaintiff acknowledges
10  that he received the December 4, 2009, cancellation on December 10, 2009, and submits that he
11  mailed his "response" to appeals coordinator Samson on this same date, but received no response.
12  (Id.)   In his first amended complaint, Plaintiff likewise contends that on December 10, 2009, he
13  submitted "another" administrative citizen's complaint requesting an investigation into the alleged
14  staff misconduct, but never received a response.  (ECF No. 19, 1st Am. Compl. ¶ 86.)  On January 25,
15  2010, Plaintiff submitted a follow-up appeal raising the issue of the October 20, 2009, use of force and
16  retaliation, which was rejected as duplicative of the prior appeal rejected as untimely on December 4,
17  2009, by letter dated February 16, 2010.  (ECF No. 62, Opp'n at 35.)

18  It is undisputed that Plaintiff's November 18, 2009, inmate grievance was rejected as untimely,
19  and although Plaintiff contends he submitted a new complaint "asking that an investigation be
20  conducted into the excessive force used…," (ECF No. 19, 1st Am. Compl. ¶ 86), there was no
21  justification for Plaintiff to have resubmitted another appeal after his previous appeal was rejected as
22  untimely.   The only basis to appeal at that point in time was the rejection as untimely, and there is
23  simply no evidence that Plaintiff ever raised the timeliness issue in the initial appeal or appealed the
24  rejection of the appeal as untimely.  Indeed, Plaintiff's hospitalization and placement in administrative
25  remedies are relevant to the issue of why the appeal was untimely, see Williams, 775 F.3d at 1191-

26

27  [2] References herein to the opposition page numbers are to the Court's ECF pagination headers.

28

1192; Sapp, 623 F.3d at 822-823, but the administrative process provides staff with the discretion to determine whether the inmate had the opportunity to submit a timely appeal. Cal. Code Regs. tit. 15, § 3084.3(c)(6) (2009). Even assuming Plaintiff's allegations are true that he did not have the opportunity to file a timely appeal that is an issue that Plaintiff had an obligation to take up in the November 2009 appeal so that it could be properly addressed by prison officials at that time. Cal. Code Regs. tit. 15, § 3084.3(c)(6) (2009) (an appeal may be rejected if the "[t]ime limits for submitting the appeal are exceed and the appellant had the opportunity to file within the prescribed time constraints.") There is no evidence that Plaintiff attempted to do so, nor does Plaintiff allege that he brought that fact to the attention of prison officials when his inmate appeal was rejected as untimely. Id. It is clear that Plaintiff was aware as of December 10, 2009, that his November 2009 appeal was rejected as untimely, and therefore Plaintiff has failed to avail himself of the administrative remedies. Furthermore, the February 16, 2010, letter also confirms that Plaintiff submitted another duplicate appeal of the grievance received on November 19, 2009, and cancelled on December 4, 2009. Plaintiff may not benefit from a purported unavailability of administrative remedies where he disregarded the procedural rules which could have afforded him relief from the rejection of his appeal.[3]

**B.     Plaintiff's Motion to Compel Filed April 18, 2016 and Request for Extension of Discovery Deadline**

On April 18, 2016, Plaintiff filed a motion to compel seeking a court order to allow him to communicate with and locate inmate witness Jacob Blair. (ECF No. 69.) Defendants filed an opposition on May 9, 2016, and Plaintiff filed a reply on May 20, 2016. (ECF Nos. 74, 77.) On May 16, 2016, Plaintiff also filed a motion for an extension of the discovery deadline based on his request in the pending motion to compel. (ECF No. 76.)

Inasmuch as the Court has recommended that Defendants' motion to for summary judgment be granted for Plaintiff's failure to exhaust the administrative remedies, his motion to compel and request to extend the discovery deadline should be denied as rendered moot.

---

[3] Because the Court has found that Plaintiff failed to exhaust the administrative remedies, the Court does not address Defendants' alternative argument that the action is barred by the statute of limitations.

1

2                                          **IV.**

3                              **RECOMMENDATIONS**

4        Based on the foregoing, it is HEREBY RECOMMENDED that:

5        1.      Defendants' motion for summary judgment for Plaintiff's failure to exhaust the

6                administrative remedies be GRANTED;

7        2.      Plaintiff's motion to compel and request to extend the discovery deadline be DENIED

8                as rendered MOOT; and

9        3.      This action be dismissed.

10       These Findings and Recommendations will be submitted to the United States District Judge

11  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days**

12  after being served with these Findings and Recommendations, the parties may file written objections

13  with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and

14  Recommendations."  The parties are advised that failure to file objections within the specified time

15  may result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir.

16  2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

17

18  IT IS SO ORDERED.

19  Dated:   __June 3, 2016__                        _____

20                                               UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28

                                              8